IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JULIE RICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-3160-CV-S-ODS |
| | ) |
| NANCY A. BERRYHILL,[1] | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

<u>ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION
DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS</u>

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying her application for disability insurance benefits. For the reasons set forth below, the Commissioner's decision is reversed, and the case is remanded for further proceedings.

1. When determining whether a claimant is disabled, the Administrative Law Judge ("ALJ") employs a five-step process. *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). At step two, which is relevant to the Court's decision, the ALJ evaluates whether the claimant has a severe impairment that significantly limits her physical or mental ability to perform basic work activities. R. at 11; *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003). As set forth in the ALJ's decision, "[a]n impairment is 'severe' within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities." R. at 11.

Plaintiff argues this matter should be reversed and remanded because the ALJ failed to properly consider chronic fatigue syndrome at step two, and failed to make a determination as to whether chronic fatigue syndrome was a severe impairment. When Plaintiff applied for disability insurance benefits, she alleged disability due to, among other things, chronic fatigue syndrome. R. at 154, 321. Plaintiff also testified about

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for former Acting Commissioner Carolyn A. Colvin as the Defendant in this suit.

chronic fatigue syndrome during the hearing before the ALJ, specifically stating her "biggest complaint is my chronic fatigue." R. at 37, 48. Chronic fatigue syndrome is referenced throughout Plaintiff's medical records. R. at 404-06, 408, 410, 412, 533, 540-41, 545, 565, 593, 603, 608-10, 615, 617, 619, 623-24, 628, 643, 663, 666-67, 670, 686, 699-700, 814-15, 818, 821, 827, 839, 842, 845, 847, 901, 955, 976, 1056, 1060, 1062, 1067, 1077, 1081, 1084.[2] While the ALJ, at step two, discussed Plaintiff's alleged "sleep disorder due to her complaints of fatigue," the ALJ failed to discuss Plaintiff's allegation that she suffered from chronic fatigue syndrome. R. at 13. Upon remand, the ALJ must consider Plaintiff's alleged chronic fatigue syndrome at step two, make a finding as to whether chronic fatigue syndrome is a severe impairment, and set forth the reasons why chronic fatigue syndrome is or is not a severe impairment.

2. Plaintiff also contends this matter should be reversed because the ALJ failed to afford proper weight to the opinion of her treating physician, Dr. Crist. The ALJ discounted Dr. Crist's opinion because he found the opinion was not supported by his treatment notes, were inconsistent with objective medical tests and physical examinations performed by other physicians, and he was not an infectious disease specialist. R. at 13, 19.

Generally, a treating physician's opinion is given more weight than other sources in a disability proceeding. 20 C.F.R. § 404.1527(c)(2). A treating physician's opinion may be disregarded if it is unsupported by clinical or other data or is contrary to the weight of the remaining evidence in the record. *See Pena v. Chater*, 76 F.3d 906, 908 (8th Cir. 1996). Ultimately, the ALJ must "give good reasons" to explain the weight given the treating physician's opinion. 20 C.F.R. § 404.1527(c)(2).

Because the Court is remanding this matter for the ALJ's consideration of chronic fatigue syndrome and a determination as to whether that impairment is severe, the ALJ must reassess the weight afforded to Dr. Crist's opinion, which, in part, discusses chronic fatigue syndrome.

---

[2] There are also numerous references to "fatigue" in Plaintiff's medical records. *See* R. at 404, 406, 408, 410, 412-13, 415, 422, 435, 440, 448, 459, 533, 540, 545, 566, 574, 580, 584, 587, 589, 592, 603, 608-10, 615-17, 619, 623, 628, 645-46, 651, 684, 686, 690, 697, 699, 703, 789, 814-15, 821, 824, 839, 842, 847, 955, 976, 1055-56, 1062-63, 1067, 1069, 1077, 1083.

3. Upon remand, the ALJ must also re-evaluate Plaintiff's credibility when considering her impairment of chronic fatigue syndrome and making a determination as to whether said impairment is severe.

IT IS SO ORDERED.

                                          /s/ Ortrie D. Smith
                                          ORTRIE D. SMITH, SENIOR JUDGE
DATE: June 22, 2017                     UNITED STATES DISTRICT COURT